# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-09-00176-CV
---

**Shaunquavia Tolbert, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---
**FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
NO. 224,101-B, HONORABLE RICK MORRIS, JUDGE PRESIDING**
---

## M E M O R A N D U M   O P I N I O N

This is an accelerated appeal from an order terminating the parental rights of appellant Shaunquavia Tolbert to her child A.X.W. Following a *de novo* trial, the district court found by clear and convincing evidence that (i) Tolbert had engaged in conduct and knowingly placed her child with persons who engaged in conduct which endangered the physical and emotional well-being of the child, (ii) Tolbert failed to comply with provisions of a court order that specifically established the actions necessary for her to obtain the return of the child who had been in the temporary managing conservatorship of the Department for not less than nine months as a result of the child's removal under chapter 262 of the family code for the abuse or neglect of the child, and (iii) termination of the parent-child relationship between Tolbert and the child was in the best interest of the child. *See* Tex. Fam. Code Ann. §§ 161.001, 262.001-.309 (West 2008).

Tolbert's court-appointed attorney has filed a brief concluding that the appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Taylor v. Texas Dep't of Protective and Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). Tolbert received a copy of counsel's brief and was advised of her right to examine the appellate record and to file a pro se brief. Tolbert filed a pro se letter.[1]

We have independently examined the record, counsel's brief, and the pro se letter, and we agree that the appeal is frivolous and without merit. The statutory grounds for termination were conclusively established. *See* Tex. Fam. Code Ann. § 161.001(1)(E), (O) (West 2008); *In re J.F.C.*, 96 S.W.3d 256, 264-65 (Tex. 2002) (standards of review for legal and factual sufficiency challenges in parental termination cases). Additionally, the evidence was legally and factually sufficient that termination was in the best interest of the child. *See In re J.F.C.*, 96 S.W.3d at 264-65; *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976) (factors court considers in determining best interest of child). We find no reversible error in the record. We find nothing in

---

[1] In her letter, Tolbert primarily contends that the Department failed to prove beyond a reasonable doubt the grounds for termination or that termination was in the child's best interest. The measure or degree of proof for termination decisions, however, is clear and convincing evidence. *See* Tex. Fam. Code Ann. §§ 161.001, .206(a) (West 2008). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 101.007 (West 2008).

the record that might arguably support the appeal.  The order of termination is affirmed, and counsel's motion to withdraw is granted.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   September 30, 2009